No. 23-55147; No. 23-55149

In the

# United States Court of Appeals for the Ninth Circuit

ADAN ORTIZ, an individual
and on behalf of others similarly situated

*Plaintiff - Appellee,*

vs.

RANDSTAD INHOUSE SERVICE LLC ET AL,

*Defendants - Appellamts.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
HON. TERRY J. HATTER, JR. JUDGE PRESIDING
DISTRICT COURT CASE NO. 5:22-CV-01399-TJH

**APPELLEE'S OPPOSITION TO MOTION TO STAY**

**SETAREH LAW GROUP**
Shaun Setareh, SBN 204514
Thomas Segal, SBN 222791
9665 Wilshire Blvd., Suite 430
Beverly Hills, California 90212
Telephone:  (310) 888-7771
Facsimile:  (310) 888-0109

*Attorneys for Plaintiff/ Appellee*

Appellants ask that this Court stay this appeal pending determination of two cases by the U.S. Supreme Court, one in which the Court has not yet granted review and may never do so. Neither case is close enough to the facts of this case to warrant such relief.

In the case of *Bisonnette v. LePage Bakeries, Inc*. No. 23-51 the Supreme Court granted review to address the following question:

> To be exempt from the Federal Arbitration Act, must a class of workers that is actively engaged in interstate transportation also be employed by a company in the transportation industry?

This case is completely unlike *Bissonnette*, because in *Bissonnette,* the defendant employer which was a bakery was plainly not in the transportation industry. *Bissonnette v. LePage Bakeries Park St. LLC.,* 49 F.4th 655, 657 (2d Cir. 2022).

By sharp contrast, the XPO Appellants at whose facility Ortiz worked *are* in the transportation industry. They are not manufacturers of a product, whether baked goods or anything else. Instead, they operate warehouse and distribution facilities through which goods travel as part of an interstate journey. As the district court explained: Ortiz worked:

> "[A]t an XPO warehouse in San Bernardino County that received, stored, and processed Adidas shoes, watches, and apparel. Specifically, the warehouse received merchandise – at least some of it from abroad – and, then, distributed it to domestic consumers and retailers in California, and other states. Ortiz's job duties included, inter alia, transporting packages of merchandise after they arrived at the warehouse and preparing packages of merchandise to leave the warehouse."

1-ER-3.

1.

So, the XPO Appellants play a crucial role in the interstate journey of goods coming into California from abroad, and then on to other states. Therefore, the XPO Appellants are not anything like the bakery employer in *Bissonnette* and the case does not warrant staying this appeal.

In arguing otherwise, Appellants cite not to evidence in the record, but instead to a statement in Appellant's Reply Brief that: "GXO is a warehouse and distribution company, and the facility where Plaintiff worked is not engaged in transportation or delivery". Mot. at 5. (The cited statement appears on page 12 of the Reply Brief, not page 19 as the motion cites to). But the district court's findings quoted above make clear that the XPO Appellants are in the transportation industry. For that matter, the word "distribution" in the cited sentence from the Reply Bried is a clue that the XPO Appellants are involved in the transportation of goods.

Appellants also argue for a stay pending a *potential* grant of certiorari in *Carmona Mendoza v. Domino's Pizza LLC*, 73 F.4th 1135 (9th Cir. 2023). But just like *Bissonnette, Carmona* involves an issue not present in this case. Specifically, the issue in *Carmona* was whether "last leg" delivery drivers who pick up pizza ingredients from a California warehouse (which were delivered from out of state to that warehouse) are engaged in interstate commerce on the purely intrastate journey from the warehouse to pizza restaurants. *Id.* at 1137-1138.

Here, Ortiz handled goods while they were still on their interstate journey making *Carmona* readily distinguishable even if the Supreme Court grants review and reverses.

//
//
//

1.

Since both cases Appellants point to are easily distinguishable from this case, a stay is more likely to be inefficient than efficient. The motion to stay should be denied.

Dated: November 7, 2023, Respectfully submitted,
SETAREH LAW GROUP
By: /s/ Shaun Setareh
Shaun Setareh
Thomas Segal
Attorneys for Appellee
Adan Ortiz

1.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 7, 2023.

I certify that, other than the individuals listed below, participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I certify that I caused to be mailed a copy of the electronically filed document to the individuals listed below:

NO MAIL SERVICE REQUIRED

Dated: November 7, 2023,    Respectfully submitted,

SETAREH LAW GROUP

By: /s/ Shaun Setareh
Shaun Setareh
Thomas Segal
Attorneys for Appellee
Adan Ortiz