**No. 23-55147; No. 23-55149**

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

ADAN ORTIZ, an individual, and on behalf of all others similarly situated,
*Plaintiff-Appellee,*

vs.

RANDSTAD INHOUSE SERVICES, LLC, ET AL.,
*Defendants-Appellants.*

---

**APPELLANTS' REPLY IN SUPPORT OF MOTION TO STAY**
**[Oral Argument currently scheduled for December 4, 2023]**

---

FROM A DECISION OF THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
HON. TERRY J. HATTER, JR., CASE NO. 5:22-CV-01399 TJH

---

SEYFARTH SHAW LLP
Daniel C. Whang  (SBN 223451)
dwhang@seyfarth.com
Kiran Aftab Seldon (SBN 212803)
kseldon@seyfarth.com
Jessica C. Koenig  (SBN 340974)
jkoenig@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
T: (310) 277-7200; F: (310) 201-5219

Attorneys for Defendants-Appellants
*Randstad Inhouse Services, LLC;
Randstad North America, Inc.*

OGLETREE DEAKINS NASH
SMOAK & STEWART PC
Tim L. Johnson (SBN 265794)
tim.johnson@ogletree.com
Jesse C. Ferrantella (SBN 279131)
jesse.ferrantella@ogletree.com
Cameron O. Flynn (SBN 301830)
cameron.flynn@ogletree.com
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
T: (858) 652-3050; F: (858) 652-3101
Attorneys for Defendants-Appellants
*XPO Logistics, Inc. (now known as XPO,
Inc.); XPO Logistics, LLC (now known as
RXO Capacity Solutions, LLC); XPO
Logistics Supply Chain, Inc. (now known
as GXO Logistics Supply Chain, Inc.)*

## REPLY IN SUPPORT OF MOTION TO STAY APPELLATE PROCEEDINGS

Plaintiff-Appellee Adan Ortiz ("Ortiz") dismisses the relevance of an upcoming Supreme Court decision (if not two) that will clarify the scope of the FAA exemption at the center of this appeal. But Ortiz does not have a crystal ball. His opposition to staying these appellate proceedings rests on unfounded assumptions about what the Supreme Court will or will not decide, and then insists this Court should proceed without the benefit of the high court's forthcoming guidance. The only efficient course, however, is to stay these proceedings so the parties can directly address the issue(s) the Supreme Court will decide.

None of Ortiz's arguments against a stay has merit. Notably, Ortiz does not identify any particular prejudice he will suffer from a stay. Instead, Ortiz dismisses the relevance of *Bissonnette v. LePage Bakeries Park St*, 2023 WL 6319660 (U.S., Sept. 29, 2023, No. 23-51) because it involves a bakery that is "plainly" not in the transportation industry. Opp. at 1. But this misses the point. The issue in *Bissonnette* is whether a class of workers must be employed by a company in the transportation industry to be exempt from the FAA. Motion at p. 4. The Supreme Court will most certainly provide guidance on the application of the section 1 exemption to businesses other than bakeries, and the principles it articulates will help this Court to decide whether the business where Ortiz worked qualifies as a business in the "transportation industry." Ortiz cannot just *assume* that GXO is in

1

the "transportation industry" because the Supreme Court has yet to define that term in *Bissonnette*. Nor can he *assume* that he will be a "transportation worker" once *Bissonnette* further addresses and clarifies that term.

Further, nothing in the record shows that the GXO entity where Ortiz worked engages in transportation. Rather, "GXO's business consists of warehouse and distribution facilities, like those to which Mr. Ortiz was assigned." 2-ER-70, ¶4. "Neither of the [Bloomington or Colton] Facilities employ transportation workers who move freight to and from these Facilities." 2-ER-66, ¶5. Rather, the goods "are prepared for transport by a non-GXO employee," and "have been transported to the Facilities by a non-GXO employee." *Id*. Therefore, if the *Bissonnette* decision ultimately holds a class of workers must be employed by a company in the transportation industry, that holding could be completely dispositive here.

In short, it is inaccurate (or at best, premature) for Ortiz to dismiss *Bissonnette*'s relevance.

Ortiz also downplays the relevance of *Carmona Mendoza v. Domino's Pizza, LLC*, 73 F.4th 1135 (9th Cir. 2023) (petition for writ of certiorari filed October 23, 2023). He tries to distinguish *Carmona* by, again, making an unfounded factual assumption—that (unlike the Domino's ingredients in *Carmona*) the goods he handled were in an unbroken stream of interstate

commerce. As previously explained, the record does not support his assumption. *See* ARB 6-17.

But irrespective of that supposed distinction, if the Supreme Court grants review, *Carmona* is certain to provide guidance on the scope of the Section 1 exemption that will be useful beyond the specific factual scenario before it—just as *Southwest Airlines Co. v. Saxon,* 142 S.Ct. 1783 (2022) did for cases not involving cargo loaders working for airlines. If *Carmona* holds that drivers who actually deliver goods are not exempt under Section 1, it seems very unlikely that workers like Ortiz, who simply handle goods inside a warehouse, would qualify for the exemption.

Accordingly, Appellants respectfully request that this Court vacate the oral argument currently scheduled for December 4, 2023, and order a stay of appellate proceedings pending the Supreme Court's decisions in *Bissonnette* and *Carmona* (should it grant certiorari in the latter). This Court should further order the parties to provide supplemental briefing following the Supreme Court's decision(s).

Respectfully submitted,

DATED: November 8, 2023          SEYFARTH SHAW LLP


By /s/ *Kiran A. Seldon*
      Daniel Whang
      Kiran A. Seldon
      Gina Gi
*Attorneys for Defendants/Appellants*
Randstad Inhouse Services, LLC and
Randstad North America, Inc.

DATED: November 8, 2023          OGLETREE DEAKINS NASH
SMOAK & STEWART PC


By */s/ Tim L. Johnson*
      Tim L. Johnson
      Jesse C. Ferrantella
      Cameron O. Flynn
*Attorneys for Defendants/Appellants*
XPO Logistics, Inc. (now known as
XPO, Inc.); XPO Logistics, LLC
(now known as RXO Capacity
Solutions, LLC); XPO Logistics
Supply Chain, Inc. (now known as
GXO Logistics Supply Chain, Inc.)

**CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 27(D)(2)**

Pursuant to Circuit Rule 27(d)(2), Appellants hereby certify that the text of this Reply is double spaced, uses a proportionately spaced typeface, and contains a total of 632 words, based on the word count program in Microsoft Word.

Respectfully submitted,

DATED: November 8, 2023           SEYFARTH SHAW LLP

By /s/ *Kiran A. Seldon*
          Daniel Whang
          Kiran A. Seldon
          Gina Gi

*Attorneys for*
*Defendants/Appellants*
Randstad Inhouse Services, LLC
and Randstad North America, Inc.

DATED: November 8, 2023           OGLETREE DEAKINS NASH
                                                    SMOAK & STEWART PC

By /s/ *Tim L. Johnson*
          Tim L. Johnson
          Jesse C. Ferrantella
          Cameron O. Flynn

*Attorneys for Defendants/Appellants*
XPO Logistics, Inc. (now known as
XPO, Inc.); XPO Logistics, LLC
(now known as RXO Capacity
Solutions, LLC); XPO Logistics
Supply Chain, Inc. (now known as
GXO Logistics Supply Chain, Inc.)